want to address the World Economic Zborn report so it matters I was obviously notified by the U.S. Trust then low Phone Call Appearance and this was the BRICUMS this posted in St. Pete, Oregon in January without considering the BRICUMS absaction the problem with Teamwork is that it's a multiple interest area Cardio Ships corporations in general also have and they they often have subsidiaries to protect themselves to shield themselves so they expect to have subsidiaries um are defended UPS is a bank it's a huge bank one of the biggest in the world and it has two branches in California these branches are full service branches they have subsidiaries UPS has many subsidiaries in California and elsewhere they don't have the same health quality as a branch so it's large as opposed to these companies who are just a tangerine so I'm not sure I understand what's the basis to carve this assumption in the rule of supreme court it seems to explain it pretty firmly but you're not alleging these facts are like Perkins, are you? I take it you're not alleging these facts are like Perkins you're just saying Perkins recognizes there could be an exception this isn't a Perkins exception but there ought to be another exception, is that your case? None of the facts of course it is not I'm not remotely close to Perkins well I'm not ready but perhaps it slips either way I'm calling for another exception yes Perkins is the only one that the donor cites it to it doesn't have the exceptions but because they did cite to it it has been made clear that there can be exceptions to what the donor is supposed to say and we say we are most definitely one of these exceptions because bank with four branches is orange so no way an apple can hurt your corporation with subsidiaries it's subsidiaries can do all kinds of things the statement, the rule as a dealer did not depend on it being about subsidiaries, right? in other words what is the line you want us to draw is it different because it's got a subsidiary or is it different because it's bank or what? I'm sorry, what did you say? I'm sorry, what did you say? What's the exception you want us to recognize? You've mentioned it for a while What? You thought this was true? No, I wanted you all to say, excuse me you say, Baylor was about cars and subsidiaries Yes Is it because it's a car or because it's a subsidiary? Are you saying Baylor doesn't apply to banks are you saying Baylor doesn't apply whether it's got a subsidiary or what are you saying? I'm saying Baylor should not apply to banks with full branches a bank with a subsidiary would be of course a different part Absolutely, she said that this bank could be sued anywhere it had a branch This bank could be sued anywhere it had a branch Absolutely if you look at it as octopus with tentacles arms all around the world Singapore, Tokyo wherever, California these arms if they're full, so to speak branches, are real arms and what Supreme Court precedent would you point to as the best case to support your proposition? Oh, this would be the case. You're basically asking us to carve an exception out of the Supreme Court itself as suggested Yes, I asked the Supreme Court for that Yes, we think this is an exception, it should be curved out requested that of the lower court didn't want to do that but the problem is the lower court just mentions Perkins as an exception without showing why we couldn't be that this is why we would do a state proposition, this is not Perkins. You're just trying to say because there's an exception here that justifies a court from making an exception because as it wants to it's hard for a district court, I suspect it's hard for a circuit court of appeals to do that given the rather firm language used by the Supreme Court in the Dunbar case The fact of it is so dissimilar It's a subsidiary of a branch For example, in 19 20, it's the latter branch interjecting the subsidiary that the basic rule for corporations is well established that you're susceptible to personal jurisdiction, general personal jurisdiction to your favorite corporation and your principal place of business California isn't either one and you don't stand to it So you're not simply talking about subsidiaries, you're talking about changing the basic rule for corporations and personal jurisdiction just because it's a bank Now that's something Congress could try to pass, that's something the Supreme Court could try to find I don't see support for that proposition You can offer up from a Supreme Court decision, you see, to acknowledge that, so what do we have to work with here? Well The thing is to myself that banks ought to be different A bank with a branch is so deeply enmeshed in doing business that it satisfies the traditional due process concerns of general jurisdiction Turkey's been an example where it was self-funded while it had been enforced Do I notice that something missing from your oral argument, unlike in your brief, is any consent judgment It seems to me to have a prayer for chance here and I don't really do, but if you did, it would have to be on a consent basis So are you going to argue that or not? I guess it is I don't know what to do about it because I haven't had a problem with anybody else hearing me. In any event I'll do it again In your brief, you seem to argue in large part on consent You are not arguing consent here, is that correct? I would use consent In terms of consent Well, we do believe that consent is from the stipulation, of course but I'm sorry, what stipulation? What stipulation? Oh, that page Our stipulation that they did not make a motion to quash stipulation is that page I think And the E.R. at page 23 is the stipulation that we would give an exception here because it's at their branch in San Francisco So that's a more moderated comparison so that we actually wanted general jurisdiction to do process and it's fair since they do such business here that they'd be liable in this particular case And then of course we brought up the constitutional notice that you know now under probation I think it's yeah, it's relevant now Well, because they which is the It's hard to understand, of course because now that we've seen the record So it's all about jurisdiction if somebody has a felony conviction they're subject to service Well, I'm I have trouble finding support for that proposition anyways We're not sure, I'm not sure General Motors is a huge corporation with enormous operations in California I suspect it's incorporated in Delaware I know the principal place of business is in Michigan Now the arguments that suggest that General Motors is liable for service in California and should be subject to general jurisdiction in California because it's so huge in California and California has all these regulations about air pollution and so forth and yet that's not the law, is it? Well, is General Motors liable to general jurisdiction in California? I suspect so Okay, well I don't know where to start Thank you Let me introduce the court Blaine Evans on behalf of the UBS AG The legal standard for whether general jurisdiction is available for a foreign defendant for any defendant is whether that defendant is at home in the jurisdiction It's not whether the defendant is sufficiently large or that the defendant has sufficient business instincts or even whether the defendant is a sufficiently bad actor. It's whether the defendant is at home. And we know here that UBS is at home in Switzerland, not in California That is undisputed and the trust acknowledges it And so we think this is a very straightforward application of Daimler and it's apples and apples or oranges and oranges. It's very similar to Daimler on its facts I want to talk about the Perkins exception in footnote 19 of the Daimler opinion because it is not an exception to the at-home rule The rule, the question is always whether the defendant is at home in the jurisdiction What Perkins, or what the footnote 19 recognizes relating to Perkins is that there may be situations, exceptional cases, where a defendant is at home somewhere besides where it is formally headquartered because that is your, Daimler calls it a surrogate principle Well, the question is do corporations necessarily have only one home? People have more than one home. Why can't corporations have more than one home? So a new corporation can have two homes that can be incorporated in one state and they can have their headquarters in another state. What if they have two headquarters? So some people have headquarters in the United States and headquarters in Europe, but they both have the same amount of business at their surrogacy It's absolutely possible that the defendant could be deemed to be at home in a state of second headquarters and that's essentially what I give footnote 19 to be leaving open that there are there could be a surrogate principle place of business or a temporary principle place of business I must posit a dual principle place of business That's certainly possible, Your Honor I'm going to question where the CEO has his main office versus two offices or three offices The problem is this is not a man This case is not a man That's exactly right, Your Honor. There is not a hint of a suggestion that UPS has a second headquarters or a surrogate headquarters or anything like that All of its major operations, all of its executives and headquarters are in Switzerland. None of them are certainly in California, let alone the United States. So there is no sense in which UPS is at home in the United States and certainly not in California What about a foreign corporation in a place where a citizen can't get a fair trial and there might be a connection to this country such as submitting yourself to financial reorganization laws or regulatory laws that the argument would be the only place to get a fair forum would be a place where the corporation is present to a degree that your client is not necessarily in California, but in the United States. For purposes of general jurisdiction, Your Honor, the question is still the same. General jurisdiction is available only where a company is at home. So in that situation, the question would be specific jurisdiction. And there, the question is whether the lawsuit arises out of the foreign corporation's contacts with the jurisdiction and if there were sufficient contacts and sufficient jurisdiction and the claim of the foreign national arose out of those contacts, then there may be a basis for specific jurisdiction. And I think that's, that highlights the whole point of Daimler, is that there are tricky questions like that. There are fairness issues. Those are all to be determined on a specific jurisdiction. That was the innovation of international issue and that is apparent from Goodyear. That's apparent from Daimler. Justice Ginsburg laid that out in footnote 10 of the Daimler opinion. Those sort of difficult questions are specific jurisdiction questions and we do not subject those foreign corporations to a general personal jurisdiction. Is there any point at which this is more curiosity about how far Daimler goes. I mean, here you have, somewhat unlike the chorus, a closely regulated industry. Is there a point at which submitting to the the the the regulatory scheme essentially becomes a jurisdiction? I'll take each with your premise a little bit because I think that the car industry is as regulated as the financial industry. It's, you know, and the unique nature of the car industry is that they're regulated not only by the federal government, but by every single state. Every single state has its own bill of regulations and because of the nature of the banking industry UBS is only regulated by the federal government. But to your question, I don't think there is a point at which a corporation becomes regulated such that it is deemed at home in the jurisdiction or consensual. Wouldn't there be an incentive here? It would have to be you know, it's not a question of, you know, and I guess underlying this, and again, there's some case law about this, is, you know, if the state or the United States said, if you're going to do business here at all, then you have to be subject to general jurisdiction, would that be an unconstitutional requirement? We don't have that here either, but it seems, you know, within the realm of possibility that the government might want to be at least above the United States jurisdictions, might want to essentially do so. So that is an important and I mean, not relevant here, but an important issue that is you know, it's become more important after Daimler because Pennsylvania for example requires companies in order to do business in Pennsylvania to register with the state and to consent to general personal jurisdiction and post-Daimler the third circuit hasn't decided whether that's an unconstitutional condition or not. We have the Brown case in the second circuit and the genuine courts case in the Delaware Supreme Court who both have held that that is an unconstitutional condition. We don't have that issue here because in California there is no requirement that a company consent to general personal jurisdiction in order to do business in the state. That's the Bristol-Murray-Squibb case. And also, UBS has not consented, does not have registered agent has not registered to do business in California because it's a federally chartered bank. I wondered about that. I mean, in the sense of somebody, if the bank engaged in fraud in California and discrimination for service across California. So the way that it works in your California law is that for, well, let me back up, the reason UBS has not registered to do business in California because it is a federally chartered bank. The way that the California law works is that the service is effectuated on the Secretary of State and then the Secretary of State submits that service to, in our case, it's Connecticut. But UBS is not required to have an agent in California and it doesn't have an agent. But Your Honor is correct that it is an interesting and important question whether a state can require a corporation to submit an agent and then subject itself to consent to general personal jurisdiction in order to do business in the state. The recent cases suggest that that would be an unconstitutional condition and Pennsylvania will be the test case, I'm sure. I want to respond to Mr. Easton's discussion about the subsidiaries and how this case is different because the context of California is a direct branch, bless you, and not subsidiaries. The point of Dineler is that it does not matter whether the Dineler assumed the conduct of the subsidiaries, MBUSA, were imputed to Dineler and still held that there were not, using the Dixburg quote, slim, that there were not sufficient contacts in California, not sufficient business in California to render Dineler at home there. So whether it is the subsidiaries and the parent as a whole or whether you look to the parent and the parent's actual branches, the analysis is the same. And Mr. Easton's argument that we can be subject to general personal jurisdiction anywhere we have a branch that is exactly what Dineler rejected, that is the core holding of Dineler, that you do not become at home in a jurisdiction, even if you have a pervasive and continuous business entity, let alone one or two branches. And Mr. Easton also mentioned the waiver of service as a basis for consent, and that's, you know, when we submitted the Penny versus Pipes case of the 28-J letter, that directly rejects it. This part in the Martinez and the Chan case made clear that waiving service of process does not amount to consent to personal jurisdiction. And unless the court has any further questions, I want to close with just this important part of it, and it goes to the last next question, which is that there are difficult cases where there are fairness concerns, and personal jurisdiction is an important and impactful issue. Those are all specific jurisdiction questions. That's the important part. The intention here, as I understand it, the reason you have so messed up and go to Switzerland and say things in Switzerland is that it's not a fair forum for their claim, and whether that's true or not, there are institutions where that's an awesome suggestion. There will be situations in which that's the problem with the Senate law. That may be the case. I have no idea. I don't know about, you know, Swiss courts, but there are courts in which you don't want to be with regard to a waiver, for example, of the government of that country. That may be what we were talking about. California's state law claims have nothing to do with California at all, and the point of Daimler is that it is no injustice that we don't call foreign corporations into California courts to adjudicate claims having nothing to do with California.  Sometimes the better part of Valor is showing what you said, Jim. Yes. Of course. I'd like to quote from Daimler, including Goodyear, stating that only by the corporations' affiliation to the state do we assert this product is so constant and pervasive as to enter it essentially at home in the foreign state. That's the essence of our argument that UPS is essentially at home in every location that it has a branch. It's quite unlike dealership, which has a corporate shield. It's a full person branch, and when banks set up in locations, they have to be capitalized if they're independent, if they're affiliates. However, banks through branches can take advantage of all the other branches of this office around the world to satisfy anybody in any state's requirements for capitalization. That is, that each branch, as opposed to a subsidiary bank. So, it stands to reason it's only fair under the case law of Goodyear, and that's pieces as close to every pillar that makes no mention of my issues. This means I can recall the product and say it does not distinguish my issues from affiliates of the subsidiaries. And in the case of H.E., you can ask H.E., they have many subsidiaries here in California, which are issued by the Secretary of State and do have requirements of self-service. As Gus has pointed out, because I'm uninsured, it doesn't have to be any longer of the Secretary of State. It reduces to the back of the H.E.'s and H.E.'s software. So, unless you have further questions, I should probably take the rest of your time. I'd like to make a request, of course, that you amend this jurisdiction discovery if you believe that that would be profitable and helpful, according to the law. Thank you very much. Any questions? Okay. In the case of G, H.R.S. v. S.G. is submitted on the next case, H.S. v. D.M.S.L. staffing has been submitted on the briefs, and H.R.S. v. S.G.
judges: Berzon, Clifton, Lasnik